No. 86-33

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

RICHARD WILLOUGHBY and COLLEEN
WILLOUGHBY,

        Plaintiffs and Appellants,

  -vs-

DON SWEENY, HUGH SPRAGGINS, and
A-1 MUFFLER,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Vainio & Ramler; Richard A. Ramler, Belgrade, Montana

    For Respondent:

        Morrow, Sedivy & Bennett; Lyman H. Bennett, III,
Bozeman, Montana
Nash & Wellcome; Page Wellcome, Bozeman, Montana

---

Submitted on Briefs: May 9, 1986

Decided: July 8, 1986

Filed:   JUL 8 - 1986

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court for Gallatin County. The Willoughbys brought suit for loss of use of their pickup truck, and defendant Mr. Spraggins counterclaimed for the value of repair services performed on the truck. After a bench trial, the court ordered that the Willoughbys take nothing by virtue of their complaint and that Mr. Spraggins take nothing by virtue of his counterclaim. We affirm.

The issue is whether the District Court's conclusion that "the defendants did not wrongfully deprive plaintiffs of their vehicle" is supported by the findings of fact and the law of Montana.

After hearing the evidence, the District Court made lengthy findings of fact, which are not disputed. It found that Mr. Spraggins repaired the transmission of the Willoughby's 1973 pickup truck in July of 1983, at his business, A-1 Muffler. The total cost of the repairs was $367.60. The Willoughbys and Mr. Spraggins agreed that the repair bill would be paid off on a weekly basis, and Mr. Spraggins voluntarily released the truck to the Willoughbys. No payments were ever made.

Two months later, the Willoughbys experienced electrical problems with the truck. They took it to defendant Don Sweeny's residence, and asked him to repair the electrical system. Mr. Sweeny was not an employee of A-1 Muffler, but he towed the Willoughby's truck to A-1 Muffler to use the equipment there to repair the electrical problems. Mr. Spraggins refused him the use of the equipment, because the Willoughbys had not made any payment on their bill. Mr.

2

Sweeny left the truck parked on a lot adjoining A-1 Muffler. The District Court found that "Defendant Mr. Spraggins then took possession of the truck to secure payment of his bill."

Mrs. Willoughby telephoned Mr. Spraggins and asked that the pickup truck be returned. The Willoughbys had the truck towed from A-1 Muffler in May 1984. During the time the truck was parked on the lot adjoining A-1 Muffler, certain personal property in the camper was either damaged or removed.

The Willoughbys initially filed an action for conversion, but after they took the truck back, they requested damages for the loss of use of the truck and for the value of the items of personal property damaged or removed from it. The District Court concluded in part:

. . .

2. That the defendants did not wrongfully deprive plaintiffs of their vehicle.

3. That while the vehicle was located at A-1 Muffler and Auto Repair, the rear bumper and personal property was stolen from the vehicle.

. . .

The Willoughbys argue that conclusion #2 contradicts the requirement of § 71-3-1201(2), MCA, that an artisan's lien is "dependent on possession" which requires continuous possession. They argue that any artisan's lien held by Mr. Spraggins was extinguished when he allowed them to take the truck without paying for the repairs on it. Their position is that conclusion #2 contradicts Montana law.

There was conflicting testimony as to whether Mr. Spraggins prevented the Willoughbys from reclaiming their truck at any time after it was parked in the lot next to A-1 Muffler. The Willoughbys testified that Mr. Spraggins denied

3

their request to return the truck. Mr. Spraggins testified that they could have reclaimed the truck at any time, as they eventually did. He testified that the keys were in the truck. Although the court found that Mr. Spraggins "took possession of" the truck, there was no finding that he prevented the Willoughbys from taking possession of the truck at any time. We conclude that the District Court's conclusion #2 does not imply that the court found Mr. Spraggins had an artisan's lien on the Willoughby truck when it was returned to the lot next to A-1 Muffler. There is substantial evidence to support conclusion #2 on the basis that Mr. Spraggins did not deprive the Willoughbys of possession of the truck.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4